UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN VALLEY HEALTH CENTERS, et al.,<br><br>Defendants. | No. 1:16-cv-01611-DAD-SAB<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 3) |

On October 26, 2016, plaintiff Francisco Mendoza filed this action against defendants Golden Valley Health Center ("GVHC"), *et al.* alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and relevant state law. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

On December 20, 2016, the assigned magistrate judge screened plaintiff's complaint and issued an order dismissing it for failure to state a claim and granted plaintiff leave to file an amended complaint. (Doc. No. 2.) Plaintiff was provided with thirty days in which to file an amended complaint. Rather than file an amended complaint, on January 20, 2017, plaintiff filed objections to the screening order. (Doc. No. 3.) The undersigned construes plaintiff's objections as a request for reconsideration of the magistrate judge's order dismissing his complaint with leave to amend.

/////

1

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f). *See also* 28 U.S.C. § 636(b)(1)(A). Because the magistrate judge's prior order granted plaintiff leave to amend and did not finally dispose of any claims or arguments, the screening order was non-dispositive. *See McKeever v. Block*, 9323 F.2d 795, 798 (9th Cir. 1991) ("As to non-dispositive matters, Article III appears to create no bar to a greater role for magistrates. Therefore, a magistrate can, for example, dismiss a complaint with leave to amend without approval by the court."); *Arnold v. United States Forest Serv.*, No. 3:14-cv-00421-MMD-WGC, 2016 WL 3395461, at *2 (D. Nev. June 13, 2016) ("Dismissal with leave to amend is non-dispositive and therefore within the authority granted by [28] U.S.C. § 636."); *Reid v. United States*, No. 1:14-cv-01163-LJO-MJS (PC), 2015 WL 2235127, at *1 (E.D. Cal. May 12, 2015).

On a motion to reconsider a magistrate judge's non-dispositive order, the magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. Local Rule 303(f); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotations and citations omitted).

Plaintiff's objections to the order dismissing his original complaint with leave to amend indicates he disagrees with the magistrate judge's conclusion that he has failed to state a cognizable claim, but also suggest he is able to plead further facts to support his claim. (*See* Doc. No. 3 at 1 ("I have spoken with numerous individuals who have not come forward."); *id.* at 2 ("There are numerous documents, emails and evidence I had submitted in my EEOC file that

prove and support that I was subjected to a hostile work environment.").) Plaintiff's mere disagreement with the magistrate judge's order does not demonstrate that the order was clearly erroneous or contrary to law. Further, plaintiff's representation that he can plead additional facts suggests allowing leave to amend is an appropriate course at this juncture. Any additional factual details plaintiff can plead may be included in an amended complaint, as noted by the magistrate judge in his order. (*See* Doc. No. 2.) Similarly, to the extent plaintiff represents he is seeking relief in addition to simply the removal of a state-court ordered restraining order, he is encouraged to state the relief he seeks—whether in the form of damages, an injunction, or declaratory relief—in his amended complaint. (Doc. No. 1 at 3.) Plaintiff is again reminded an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012); *Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Given the foregoing, plaintiff's objections (Doc. No. 3), construed as a request to reconsider the magistrate judge's order dismissing his original complaint with leave to amend, is denied. Plaintiff is directed to file any amended complaint he wishes to present within thirty (30) days of this order. Plaintiff is warned that failure to do so may result in the dismissal of this action.[1] This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order, 28 U.S.C. § 636(b)(1), and all applicable local rules.

IT IS SO ORDERED.

Dated: **April 27, 2017**

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff suggests he has been seeking records from the Equal Employment Opportunity Commission he believes may in some way support his claim. (Doc. No. 3 at 1–2.) If plaintiff contends that he needs additional time to file an amended complaint, he may submit a request an extension of time, supported by a showing of good cause, from the assigned magistrate judge.