# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MENDOZA,<br><br>       Plaintiff,<br><br>    v.<br><br>GOLDEN VALLEY HEALTH CENTERS, et al.,<br><br>       Defendants. | Case No. 1:16-cv-01611-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff filed a complaint in this action on October 26, 2016. (ECF No. 16.) On December 20, 2016, the complaint was dismissed with leave to amend for failure to state a claim. (ECF No. 2.) Plaintiff was provided with thirty days in which to file an amended complaint. Rather than filing an amended complaint, Plaintiff filed objections to the screening order on January 20, 2017. (ECF No. 3.) On April 28, 2017, the district judge issued an order denying Plaintiff's request for reconsideration, and Plaintiff was ordered to file an amended complaint within thirty days. (ECF No. 4.) On May 30, 2017, Plaintiff was granted an extension of time to July 5, 2017 to file his amended complaint. (ECF No. 6.) The deadline for Plaintiff to file his amended complaint has passed; and Plaintiff has not filed an amended complaint or otherwise responded to the May 30, 2017 order.

Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an action if the plaintiff fails to prosecute the action or fails to comply with a court order. Fed. R.

1

Civ. P. 41(b). Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint by July 5, 2017. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor otherwise responded to the May 30, 2017 order. Plaintiff's

2

1  failure to comply with the orders of the Court hinders the Court's ability to move this action

2  towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

3      Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

4  rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,

5  1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for

6  the delay. In re Eisen, 31 F.3d at 1453. However, the Court is aware of no reason for Plaintiff's

7  failure to file an amended complaint and the risk of prejudice to the defendants also weighs in

8  favor of dismissal.

9      The public policy in favor of deciding cases on their merits is greatly outweighed by the

10  factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This

11  action can proceed no further without Plaintiff's cooperation and compliance with the order at

12  issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this

13  instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

14      Finally, a court's warning to a party that their failure to obey the court's order will result

15  in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;

16  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's December 20, 2016 and April

17  27, 2017 orders both informed Plaintiff that the failure to file an amended complaint would result

18  in dismissal of this action. (ECF No. 2 at 12:21-22; ECF No. 4 at 4:15-17.) Thus, Plaintiff had

19  adequate warning that dismissal would result from his noncompliance with the Court's order and

20  his failure to state a claim.

21      Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for

22  Plaintiff's failure to state a claim.

23      These findings and recommendations are submitted to the district judge assigned to this

24  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30)

25  days of service of this recommendation, Plaintiff may file written objections to these findings

26  and recommendations with the Court. Such a document should be captioned "Objections to

27  Magistrate Judge's Findings and Recommendations." The district judge will review the

28  magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The

parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 12, 2017**

UNITED STATES MAGISTRATE JUDGE