UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MENDOZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOLDEN VALLEY HEALTH CENTERS et al.,<br><br>　　　　Defendants. | No. 1:16-cv-01611-DAD-SAB<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF THIRTY DAYS IN WHICH TO FILE AN AMENDED COMPLAINT<br><br>(Doc. Nos. 7, 8) |

Plaintiff Francisco Mendoza, proceeding pro se, filed a complaint in this action on October 26, 2016. (Doc. No. 1.) On December 12, 2016, the assigned magistrate judge screened plaintiff's complaint and dismissed it with leave granted to file an amended complaint within thirty days. (Doc. No. 2.) Plaintiff did not file an amended complaint, but instead filed objections to the screening order on January 20, 2017. (Doc. No. 3.) On April 28, 2017, the magistrate judge construed plaintiff's objections as a request for reconsideration of the screening order and denied it; plaintiff was again ordered to file an amended complaint within thirty days. (Doc. No. 4.) After requesting and being granted an extension of time to file his amended complaint (see Doc. Nos. 5–6), plaintiff again failed to file an amended complaint within the extended time provided. Accordingly, on July 13, 2017, the magistrate judge issued findings and

1

recommendations recommending that this action be dismissed for failure to state a claim. (Doc. No. 7.) The findings and recommendations were served on plaintiff and contained notice that plaintiff could file written objections thereto within thirty days. (*Id.*) On August 14, 2017, rather than filing objections to the findings and recommendations, plaintiff filed a motion for another thirty-day extension of time to file an amended complaint. (Doc. No. 8.) In light of plaintiff's pro se status, the court will construe this most recent filing as an objection to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having considered plaintiff's objection, the court declines to adopt the findings and recommendations recommending dismissal at this time and will instead grant plaintiff leave to file an amended complaint within thirty days of the date of the service of this order. In his most recent filing, plaintiff contends that he just recently received certain documents he requested in November 2016, due to an administrative error by the Equal Employment Opportunity Commission. The court will allow plaintiff to file an amended complaint, but plaintiff is advised that court orders are not mere suggestions to be disregarded at the party's convenience. If plaintiff is unable to comply with an order issued by the court, he must request an extension of time prior to the expiration of the deadline. Moreover, given the number of extensions of time already granted to plaintiff for this purpose, the court is not inclined to grant any further extension of the time in which to file his amended complaint absent compelling circumstances.

In filing an amended complaint, plaintiff is further advised to consider the following. Plaintiff may not change the nature of this suit by adding new, unrelated claims to his amended complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's amended complaint should be brief, *see* Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844

F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012); *Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011), and therefore must be "complete in itself without reference to the prior or superseded pleading," *see* Local Rule 220.

Accordingly,

1. The court declines to adopt the July 13, 2017 findings and recommendations (Doc. No. 8);
2. Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of service of this order; and
3. Any failure on plaintiff's part to file an amended complaint within the time provided will likely result in dismissal of this action.

IT IS SO ORDERED.

Dated:  **August 25, 2017**

_____
UNITED STATES DISTRICT JUDGE

3