UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN VALLEY HEALTH CENTERS, et al.,<br><br>Defendants. | No. 1:16-cv-01611-DAD-SAB<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT AND DISMISSING CASE FOR FAILURE TO PROSECUTE<br><br>(Doc. No. 10) |

On September 25, 2017, plaintiff filed a motion for extension of time to file an amended complaint, asserting that "medical reasons" kept him from complying with the deadline previously set by the court. (Doc. No. 10.) Plaintiff represents that he has been "experiencing severe emotional distress due in large part to my employer having lied so many times to the EEOC." (*Id.* at 1.) He requests an extension of time to file an amended complaint until after he can be seen by a behavioral health specialist on October 16, 2017. (*Id.*) The assigned magistrate judge had previously recommended that this action be dismissed due in part to plaintiff's repeated failures to file an amended complaint as directed. (Doc. No. 7.) The undersigned declined to adopt that recommendation, granted plaintiff an additional thirty days in which to file an amended complaint and specifically warned plaintiff that it would not grant any further extensions of time for this purpose absent compelling circumstances and that his failure to comply with the order would likely result in the dismissal of this action. (Doc. No. 9 at 2-3.)

1

Plaintiff presents no such compelling circumstances in support of his request for yet another extension of time and does not explain how his appointment with the behavioral health specialist will enable him to file a first amended complaint in this action. Therefore, plaintiff's motion for a further extension of time will be denied.

Moreover, the court will dismiss this case for failure to prosecute. *See McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (holding district court may *sua sponte* dismiss for unreasonable failure to prosecute). Prior to doing so, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

Here, the public has only a nominal interest in the expeditious resolution of this litigation. No defendants have yet appeared, and the public's only significant interest in resolving this case is that its continued pendency requires the court's time and attention. While this court carries a heavy caseload and the public has an undeniable interest in this court being able to turn to other pressing matters, this factor does not weigh strongly for or against dismissal.

The court does, however, have a strong need to manage its docket. The Eastern District of California has one of the heaviest caseloads per active district judge of any of the federal courts in this country, and its ability to control its docket by dismissing languishing cases is of great importance. This case has been pending before the court for eleven months and a proper complaint is still not before the court. Moreover, plaintiff was specifically warned by the court that his failure to file an amended complaint within the additional thirty days provided by the court for that purpose, after the granting of numerous prior requests for extension of time, would result in dismissal of this action. Consideration of this factor weighs in favor of dismissal.

There is no real risk of prejudice to the defendants here. They have not been served and have not appeared in this matter, and therefore have no rights that will be compromised by dismissal. This factor weighs in favor of dismissal.

/////

There are not adequate alternatives available to the court here that would remedy the issue it faces. Plaintiff has been given several extensions of time over the prior nine months to file an amended complaint, and has failed to do so. He was given warning that the court would not grant further extensions of time, absent compelling circumstances, and would result in dismissal of this action and he has nevertheless failed to file an amended complaint. Monetary sanctions in this instance would be neither appropriate nor effective, as they would financially penalize an individual proceeding *pro se* and still would not adequately ensure the case would move forward. There is simply little else the court can do to compel plaintiff to pursue this case in a timely manner.

Finally, while the public policy does favor disposing of cases on their merits, this interest does not outweigh the other factors set forth above, which either counsel in favor of dismissal or do not weigh strongly for or against dismissal. As such, dismissal for failure to prosecute is appropriate here.

For all of these reasons, plaintiff's motion for extension of time (Doc. No. 10) is denied and this case is dismissed due to plaintiff's failure to prosecute. The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: **September 27, 2017**

UNITED STATES DISTRICT JUDGE